UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GORDON STOCKENHAUER #116242**

    **Plaintiff,**

                                        Case No. 97-CV-70619-DT

v.

                                        HONORABLE DENISE PAGE HOOD

**JAMES SIGMAN, et al,**

    **Defendant.**

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)

This matter is before the Court on Plaintiff's Motion for Relief from Judgment under Rule 60(b) filed on January 3, 2005. Plaintiff seeks a new trial, claiming defense attorney misconduct, the verdict is against the weight of evidence, violation of Plaintiff's First and Eighth Amendment rights, and an improper jury instruction. On December 20, 2004, this Court entered judgment against Plaintiff in accordance with the jury verdict which found no cause of action against the Defendants.

### I. Standard of Review

Plaintiff filed his Motion pursuant to Fed. R. Civ. P. 60(b), however, this rule is inapplicable. A Rule 60(b) motion may be granted only for specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move on for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

reason justifying relief from the operation of the judgment.
*Id*.; *See* Fed. R. Civ. P. 60(b).

Rule 59 provides that motions to reconsider, nowadays correctly styled either motions for a new trial or motions to alter or amend judgment, "shall be filed no later than 10 days after entry of judgment." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 267 (6th Cir. 1998). Plaintiff's Motion for Relief from Judgment was received within 10 days from the entry of judgment. A timely Rule 59 motion may be granted, "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." *Id*.; Fed. R. Civ. P. 59(a). The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. *Id*.

Plaintiff requests a new trial, therefore, Rule 59 of the Federal Rules of Civil Procedure is applicable. It states in pertinent part:

> **(a)** **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...

Specific grounds for a new trial have included: that the verdict is against the weight of evidence; that the damages are excessive; that for other reasons the trial was not fair; that there were substantial errors in the admission or rejection of evidence; that the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F. Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980). The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a

new trial to prevent a miscarriage of justice. *Clark*, 907 F. Supp. At 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991). The court "may grant a new trial under Rule 59 if the verdict is against the weight of the evidence, if the damages are excessive, or if the trial was influenced by prejudice, or bias, or otherwise unfair to the moving party." *Rush v. Ill. Cent. R.R. Co.*, 399 F.3d 705, 727 (6th Cir. 2005) (citing *Conte v. Gen. Housewares Corp.*, 215 F.3d 628 (6th Cir. 2000)). However, [a] "jury's verdict should be accepted if it is one which could reasonably have been reached." *Id*.

## II. Applicable Law and Analysis

As mentioned previously, Plaintiff raises three reasons why he is entitled to a new trial: (1)Plaintiff argues that he is entitled to a new trial as a result of Defense Counsel's pervasive prejudicial misconduct; (2) Plaintiff argues that the verdict is against the weight of the evidence; and (3) Plaintiff argues that an improper jury instruction was allowed in favor of the Defendants.

### 1. Attorney Misconduct

Misconduct by an attorney that results in prejudice may serve as a basis for a new trial. *In re Air Crash Disaster*, 86 F.3d 498, 524 (6th Cir. 1996) (citing *City of Cleveland*, 624 F.2d at 756). Where such prejudice is cured by instructions of the court, the motion for new trial should be denied. *Clarksville-Montgomery County School Sys. v. United States Gypsum Co.*, 925 F.2d 993, 1002 (6th Cir. 1991). Failure to object raises the degree of prejudice that must be demonstrated. *Srickland v. Owens Corning*, 142 F.3d 353, 358 (6th Cir. 1998). The "court must examine, on a case-by-case basis, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g. whether it is a close case), and the verdict itself." *City of Cleveland*, 624 F.2d at 756. "[C]ounsel should

not introduce extraneous matters before a jury or, by questions or remarks, endeavor to bring before it unrelated subjects, and where there is a reasonable probability that the verdict of a jury has been influenced by such conduct, it should be set aside." *Id*. (quoting *Twachtman v. Connelly*, 106 F. 2d 501, 509 (6th Cir. 1939)). District courts are afforded broad discretion in deciding whether to grant a motion for a new trial. *Id*. The burden of showing harmful prejudice rests on the party seeking a new trial and it is a heavy burden. *Id*.; *In re Air Crash Disaster*, 86 F. 3d at 526.

The Plaintiff identifies numerous comments made by Defendant's Counsel that are alleged to be improper. The Court has organized the comments into the following areas: (a) fraudulent defenses, (b) closing argument, and © the right to receive a fair trial.

**(a) Fraudulent Defenses**

Plaintiff asserts that, "the Defendants and their defense counsel have acted before the jury in the instant cause of action with fraudulent defenses, under all claims against each defendant, that are based upon nothing but lies and perjury violations and perjury violations under oath before the jury.." (Pls. Br. In Support of Mtn. For Relief from J. Fed. R. Civ. P. 60(b) at 2). Plaintiff does not indicate which specific defenses he considers to be fraudulent. Fraud upon the Court may be demonstrated as follows:

> Fraud upon the court is conduct: (1) on the part of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) that is a positive averment or a concealment when one is under a duty to disclose; (5) that deceives the court.

*Blachy v. Butcher*, No. 03-2079, 2005 WL 843905, at *6 (6th Cir. Apr. 12, 2005).

Plaintiff does not discuss any of the aforementioned elements or directly apply them to any facts in the case, other than to state that the fraudulent defenses psychologically impacted

the jury. Plaintiff has not established that there was a fraud upon the court, therefore his claim as to Defendants and Defense Counsel's fraudulent defenses is without merit.

Plaintiff repeatedly asserts that Defense counsel engaged in intentional unprofessional misconduct in his representation of Defendants at trial. However, except for broad allegations of Defense Counsel lying, Plaintiff did not state with specificity what conduct he claims is professional misconduct.

**(b) Closing Arguments**

Plaintiff asserts that Defense Counsel impermissibly violated this Court's order barring the use of his criminal conviction by inferring in his closing argument that Plaintiff was incarcerated for life. (Pls. Br. In Support of Mtn. For Relief from J. Fed. R. Civ. P. 60(b) at 5-6).

The objecting party has a heavy burden of showing that a new trial is warranted based upon a few words in a long closing argument. *In re Air Crash Disaster*, 86 F.3d at 526. Although comments may be inappropriate, the objecting party must demonstrate that it was unfairly prejudiced by the comments. *Id*. at 525. The Court must examine, on a case-by-case basis, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself. *Id*. (quoting *City of Cleveland*, 624 F.2d at 756).

Plaintiff has not stated with specificity the statements by which Defense Counsel inferred that Plaintiff was incarcerated for life. The burden of showing unfair prejudice has not been met by Plaintiff.

**(c) The Right To Receive A Fair Trial**

Plaintiff asserts that the alleged unprofessional misconduct of Defense Counsel and

Defendants resulted in violation of his Eighth and First Amendment rights, and deprived him of the right to a fair trial. (Pls. Br. In Support of Mtn. For Relief from J. Fed. R. Civ. P. 60(b) at 2-3). Plaintiff cites no authority to support his claim that Defendants violated his constitutional rights during trial.

### 2. Verdict Is Against The Weight Of Evidence

Plaintiff states that "because the Defendant's and Defense Counsel had no other defenses against the evidence of [P]laintiff's unimpeached testimony and the preponderance of the evidence adduced at trial against the three Defendants under direct examination by Plaintiff's Counsel that impeached the Defendants and all Defense Counsel's witness at trial...", that the verdict was unfair. (Pls. Br. In Support of Mtn. For Relief from J. Fed. R. Civ. P. 60(b) at 4-5). This assertion appears to state a claim that the verdict was against the weight of evidence.

A court may set aside a verdict and grant a new trial if it finds that the verdict is against the clear weight of evidence. *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000). Even if the verdict was against the weight of evidence, new trials are not to be granted unless the verdict was unreasonable. *Id.* at 820-21. Courts are not free to rewiegh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because the judge feels that other results are more reasonable. *Id.*

Plaintiff must show more than mere allegations of falsity in order to prevail. Plaintiff's assertion that he impeached Defendants and Defense Counsel, "is without merit because [P]laintiff presents no evidence of any falsity, other than his bare accusations." *Nowak v. United States*, No. 89-3732, 1990 WL 113566, at *2 (6th Cir. Aug. 8, 1990).

### 3. Improper Jury Instructions

Federal procedural law governs questions regarding the propriety of jury instructions

while state law determines the substance of jury instructions in a diversity action. *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000). Trial courts have broad discretion in framing jury instructions and such discretion is reviewed based on the "jury instructions as a whole in order to determine whether the instructions adequately inform the jury of relevant considerations and provide a basis in law for aiding the jury to reach its decision." *Id*. (internal quotations and alterations omitted). "A judgment may be reversed only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Beard v. Norweigian Carribbean Lines*, 900 F.2d 71, 72-73 (6th Cir.1990).

      Plaintiff asserts that an improper jury instruction was given which mislead the jury. (Pls. Br. In Support of Mtn. For Relief from J. Fed. R. Civ. P. 60(b) at 7). Specifically, Plaintiff asserts that the jury instruction in question indicated that violation of Michigan Department of Correction policies does not necessarily prove violation of a constitutional right. (Pls. Br. In Support of Mtn. For Relief from J. Fed. R. Civ. P. 60(b) at 7). The jury instruction was not confusing, misleading, or prejudicial. The jury instruction was not improper, and Plaintiff's objection has no merit.

7

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment under Rule 60(b) analyzed under Rule 59 **[Docket No. 299, file January 3, 2005]**, is DENIED.

                                                  s/ DENISE PAGE HOOD
                                                  DENISE PAGE HOOD
                                                  United States District Judge

DATED: September 24, 2005