**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GORDON STOCKENHAUER #116242**

       **Plaintiff,**

                                    **Case No. 97-CV-70619-DT**

**v.**

                                **HONORABLE DENISE PAGE HOOD**

**JAMES SIGMAN, et al,**

       **Defendant.**

_____/

**AMENDED ORDER ACCEPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated April 19, 2005. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation.

Magistrate Judge Paul J. Komives concluded that this Court should grant Defendant's Motion to Tax Costs, and award $393.30. Defendants requested that the Court award $403.30, but the Magistrate Judge found that $10.00 requested for the motion for judgment should be denied because neither the motion brief nor the attachment identify the two motions on which the request was based. (Report and Recommendation Regarding Defs.' Mot. To Tax Costs at 5). A breakdown of the amount requested by the Defendant is as follows:

        Taxable Costs [Pursuant to 28 U.S.C. § 1920]
        a)    Clerk and Marshall fees..........................$0.00
        b)    Court reporter fees for transcripts necessarily
               obtained for use in this case....................$0.00
        c)    Printing fees and disbursements..............$0.00
        d)    Witness fees and disbursements..............$0.00
        e)    Exemplification and copying fees for
               Papers necessarily obtained for use in
               Case [3,733 pages @ .10 per page]......$373.30
        Nominal Attorney Fees [Pursuant to 28 U.S.C. § 1923]

   f)  $20.00 on trial or final hearing...............$20.00
   g)  $5.00 on motion for judgment...............$10.00
      TOTAL.................................................$403.30

(Defs.' Mot. To Tax Costs at 2).

## I.  Standard of Review

   The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

   In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed timely objections to the Magistrate Judge's recommendation by filing his objections on April 28, 2005.

## II.  Procedural Background and Applicable Law

   This Court entered judgment against Plaintiff in accordance with the jury verdict which found no cause of action against the Defendants on December 20, 2004.  On February 14, 2005, Defendants filed its Motion to Tax Costs.  Plaintiff filed a Response to Defendant's Motion to Tax Costs on March 23, 2005.  On March 24, 2005, Defendants filed a Reply to Plaintiff's Objections to Their Motion to Tax Costs.  The case was referred to Magistrate Judge Paul J. Komives on April 25, 2005.

Chapter 123 of Title 28, §§ 1911-1932, governs "Fees and Costs".  As amended in April of 1996, 28 U.S.C. § 1915, entitled "Proceedings in forma pauperis," provides in subsection (f)(1) in part that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings..."  Subsection (f)(2) provides as follows:

> (A) If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered. (B) The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).  (C) In no event shall the costs collected exceed the amount of the costs ordered by the court.

28 U.S.C. § 1915(f)(2)(A)-(C).

Fed. R. Civ. P. 54, entitled "Judgments; Costs," provides in subsection (d) ("Costs; Attorneys' Fees") in part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1).

The Court agrees with the Magistrate Judge that Defendant's Motion to Tax Costs should be granted.  The Court also agrees with the Magistrate Judge's reduction in the award to the Defendants of $10.00 to a total amount of $393.30.

Plaintiff objects to the Magistrate Judge's Report and Recommendation, stating Defense Counsel waived the right to tax costs on the record at trial.   Plaintiff refers to the Motion to Tax Costs as a defense, but a motion is not a defense and Defense Counsel is provided the option to file a Motion to Tax Costs under 28 U.S.C. § 1915.  Plaintiff then objects to the Motion due to the fact that Plaintiff's Motion for Relief from Judgment is pending, however, the Motion for Relief from Judgment is of no moment to the Motion to Tax Costs.  Plaintiff finally objects to the Motion because of alleged prejudice created by Defense Counsel towards the Plaintiff during his trial.  Once again, this objection has no factual support as transcript of the proceedings was not provided to the

Court.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Paul J. Komives
**[Docket No. 312]** dated April 19, 2005, is ACCEPTED and ADOPTED as this Court's findings and
conclusions of law.

IT IS FURTHER ORDERED that Defendants's Motion to Tax Costs **[Docket No. 304]** dated
February 14, 2005 is GRANTED.


 s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: September 27, 2005

4