UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON STOCKENAUER,

               Plaintiff,              CASE NO. 97-CV-70619-DT
                                          JUDGE DENISE PAGE HOOD
  v.                               MAGISTRATE JUDGE PAUL J. KOMIVES

JAMES SIGMAN, et al.,

               Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DENY PLAINTIFF IN FORMA PAUPERIS STATUS ON ANY APPEAL BECAUSE OF THE THREE STRIKES PROVISION OF THE PLRA (Doc. Ent. 311) and DENYING PLAINTIFF'S MOTION TO RECEIVE COPIES OF COURT RECORDS (Doc. Ent. 319)

**I.**    **OPINION:**

**A.**    **Related Case**

On August 5, 2002, after the instant case was filed, plaintiff filed *Stockenauer v. O'Smith*, et al., Case No. 02-CV-73095. This case was transferred to the Western District of Michigan on August 22, 2003, where it was assigned Case No. 03-CV-00550.

The jury trial began on February 2, 2005, and concluded on February 4, 2005. On February 8, 2005, Judge McKeague entered an order granting judgment as a matter of law dismissing the claims against defendant Smith and a judgment order in favor of defendants on plaintiff's First and Eighth Amendment claims. On February 11, 2005, plaintiff filed a motion to set aside verdict. However, on February 15, 2005, Judge McKeague entered a memorandum opinion and order denying plaintiff's motion.

On February 16, 2005, plaintiff filed a motion for compliance with the Court's January 18, 2005 order, a motion for relief from judgment, a motion for leave to appeal to the Sixth Circuit pursuant to 28 U.S.C. § 1915(g), a notice of appeal, and a motion for certificate of appealability.  On February 17, 2005, defendants filed a motion for an order to deny plaintiff in forma pauperis status on any appeal and a motion for extension of time to comply with the Court's January 18, 2005 order.

On February 24, 2005, Judge McKeague entered a memorandum opinion and order denying plaintiff in forma pauperis status on appeal and directing that plaintiff pay the entire appellate court filing fee before any appeal may proceed.  The Sixth Circuit assigned Case No. 05-1274 to plaintiff's appeal.  On March 3, 2005, Judge McKeague entered a memorandum opinion and order denying plaintiff's motion for relief from judgment.  On March 4, 2005, Magistrate Judge Greeley entered an order granting plaintiff's motion for compliance and denying defendants' motion for extension.  On March 8, 2005, defendants filed an objection to Magistrate Judge Greeley's March 4, 2005 order.  On March 23, 2005, Judge McKeague entered an order denying the appeal of Magistrate Judge Greeley's order.

On March 7, 2005, defendants filed a motion for taxation of costs.  On March 10, 2005, plaintiff filed a motion for sanctions. On March 31, 2005, Judge McKeague entered an order denying the motion for taxation of costs.

On March 25, 2005, the Sixth Circuit gave plaintiff until April 25, 2005 by which to pay fee.  On April 1, 2005, plaintiff (appellant) filed a motion in the Sixth Circuit to extend time to file brief.  On April 7, 2005, the deadline for plaintiff's (appellant's) brief was set for May 3, 2005; for appellee's brief for May 31, 2005; and for appendix for June 21, 2005.  On April 15,

2005, plaintiff (appellant) was directed to pay fee to district court; he filed a notification/affidavit regarding motion to stay appeal; and he filed a motion to appoint counsel. On April 21, 2005, plaintiff (appellant) filed a letter. On May 5, 2005, he filed another letter regarding First Amendment violation. On May 16, 2005, the Sixth Circuit dismissed the appeal for want of prosecution for failure to timely pay the $255 filing fee.

**B.     The Instant Case**

On December 17, 2004, following a trial, the jury in the instant case returned a verdict of no cause of action. On December 20, 2004, Judge Hood entered judgment in favor of defendants and against plaintiff. (Doc. Ent. 298). On January 3, 2005, plaintiff filed a motion for relief from judgment (Doc. Ent. 299); however, Judge Hood denied plaintiff's motion on September 24, 2005 (Doc. Ent. 322).

On February 14, 2005, defendants filed a motion to tax costs. (Doc. Ent. 304). Plaintiff filed a response on March 23, 2005 (Doc. Ent. 308),[1] and defendants filed a reply on March 24, 2005 (Doc. Ent. 309). On April 19, 2005, I entered a report recommending that the Court grant the motion and award $393.30 in costs. (Doc. Ent. 312). On April 28, 2005, plaintiff filed an objection. (Doc. Ent. 317). On September 24 and 27, 2005, Judge Hood entered orders adopting my report and recommendation and granting the motion to tax costs. (Doc. Entries 323 and 324).

---

[1]On March 30, 2005, plaintiff wrote to the Court seeking a copy of the last page of the Court's docket sheet in this case so that he might confirm the Court's receipt and filing of his response to my March 3, 2005 scheduling order setting the deadline for a response to defendants' motion to tax costs. Plaintiff also registers his belief that ICF staff is attempting to assist defense counsel by interfering with plaintiff's legal mail to prevent justice and an appeal. (Doc. Ent. 310).

C.      **Defendants' Motion to Deny Plaintiff In Forma Pauperis Status on Any Appeal Because of the Three Strikes Provision (28 U.S.C. § 1915(g)) of the PLRA is Denied as Premature.**

On April 18, 2005, defendants filed a motion to deny plaintiff in forma pauperis status on any appeal because of the three strikes provision (28 U.S.C. § 1915(g)) of the Prison Litigation Reform Act (PLRA).  (Doc. Ent. 311 [Mtn.]).[2]  In support of its motion, defendants cite filings in *Stockenauer v. Holden, et al.*, Case No. 02-CV-71267, and the following cases: (1) *Stockenauer v. Toll*, Case No. 96-CV-74025; (2) *Stockenauer v. Hurrell*, Case No. 94-CV-213; and (3) *Stockenauer v. Kapture, et al.*, Case No. 92-CV-10372.  Mtn. ¶ 3.  Defendants note plaintiff's loss at jury trial in the instant case, as well as plaintiff's other cases and appeals.  Mtn. ¶¶ 4, 5.  In defendants' estimation, plaintiff has at least eleven strikes.  Mtn. ¶ 6.  Defendants maintain that plaintiff does not qualify for the "imminent danger" exception to 28 U.S.C. § 1915(g).  Mtn. ¶ 9.

On April 28, 2005, plaintiff filed a response to defendants' motion.  (Doc. Ent. 316).  Plaintiff claims that defense counsel waived the defense of § 1915(g), because he failed to properly plead by a responsive pleading, and he claims that this issue has already been ruled on by this Court.  Plaintiff suggests that defense counsel is concerned about the violations he made at trial.  Plaintiff also alleges that defendant(s) committed perjury during this case - aided by defense counsel.  He claims he was deprived of a fair trial and that this is the motivation for the instant motion to deny plaintiff in forma pauperis status on appeal.  Doc. Ent. 316 at 2.  Plaintiff

---

[2]On April 25, 2005, Judge Hood referred this motion to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Doc. Ent. 314).  On the same day, I entered a scheduling order setting the deadline for plaintiff's response for May 23, 2005.  (Doc. Ent. 315).

also claims that this motion is also brought to interfere with plaintiff's appeal in Case No. 05-1274. Doc. Ent. 316 at 3-4. Plaintiff claims that defense counsel's mention of plaintiff's felony conviction is meant to deprive plaintiff of relief under his January 3, 2005 motion for relief from judgment. Doc. Ent. 316 at 4-5. He contends that the motion is brought in an effort to cover up misconduct in this case. Doc. Ent. 316 at 5-6.

On May 24, 2005, plaintiff filed a response to the Court's scheduling order and an objection to the motion and motion brief. (Doc. Ent. 318). Plaintiff takes issue with defendants' assertion that plaintiff has eleven (11) strikes. Specifically, plaintiff argues that Case No. 03-550 should not be considered a strike - detailing several issues plaintiff has with that case. Doc. Ent. 318 at 2-9, 12. Plaintiff claims there are grounds for his appeal to the Sixth Circuit (05-1274). Doc. Ent. 318 at 9. He claims that defense counsel has interfered with plaintiff's appeal. Doc. Ent. 318 at 9-11, 13.[3] Plaintiff argues that his companion case should not be counted as a strike, because such a ruling would prevent exposure of the misconduct in that case (initiated by defense counsel through the instant motion) and because the trial in the companion case occurred after the trial in the instant case. Doc. Ent. 318 at 12. Plaintiff claims that defense counsel is abusing 28 U.S.C. § 1915(g) in this case as he did in Case No. 03-550. Doc. Ent. 318 at 12-13. Plaintiff claims that 28 U.S.C. § 1915(g) should have been pleaded as an affirmative defense pursuant to Fed. R. Civ. P. 8©; therefore, plaintiff contends, the argument is waived. Doc. Ent. 318 at 13. Plaintiff also claims that defense counsel filed this motion to interfere with this

_____

[3]Plaintiff claims he will appeal to the United States Supreme Court, will file a companion lawsuit for denial of access to the United States Court of Appeals for the Sixth Circuit, and will file a criminal complaint regarding mail tampering. Doc. Ent. 318 at 11.

5

Court's review of plaintiff's January 3, 2005 motion for relief from judgment in this case, and he takes issue with certain things that happened at trial.  Doc. Ent. 318 at 14-16.  Plaintiff notes that defendants do not have the right to prevent appeals he files - whether they be motions for relief from judgment or review sought in the Sixth Circuit or in the United States Supreme Court.  Doc. Ent. 318 at 15.  Plaintiff objects to the instant motion - arguing that the litigation record supports denial of the motion, and plaintiff contends that his motion for relief from judgment be granted - arguing that he should be given a new and fair trial.  Doc. Ent. 318 at 17.

Title 28 of the United States Code governs the judiciary and judicial procedure.  Section 1915, which governs in forma pauperis proceedings, provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Defendant mentions an "attempt to appeal this case."  Mtn. ¶ 7.  As relief, defendants request that "Plaintiff's request for in forma pauperis status on appeal be denied because he has three strikes within the meaning of 28 U.S.C. [§] 1915 (g), he is not in any imminent danger, and any appeal in this case would be frivolous."  Mtn. at 5.

However, plaintiff has not filed an appeal since the December 20, 2004 judgment.  This seems to be reflected in defendants' argument that "any appeal in this case would be frivolous and that in forma pauperis status under 28 U.S.C. [§] 1915[(g)] should be denied."  Defendants also state that "[i]f Plaintiff wants to appeal this case he should have to pay the entire appellate

court filing fee up front because he has three strikes for filing frivolous litigation in the federal courts in the past." Mtn. ¶ 10. Furthermore, in defendants' motion brief, they request that in forma pauperis status be denied "on any appeal in this case[.]" They also contend that "an order should be entered requiring Plaintiff to pay the entire appellant court filing fee up front before any appeal may proceed." Mtn. Br. at 1.

In fact, since that judgment, plaintiff has only filed documents related to his motion for relief from judgment (Doc. Entries 299, 300, 303, 305); documents related to defendants' motion to tax costs (Doc. Entries 308, 317); and documents related to defendants' motion to deny plaintiff in forma pauperis status on appeal (Doc. Entries 316, 318); and his motions to obtain copies of court documents (Doc. Entries 319, 325). Plaintiff's other post-judgment filings include a letter (Doc. Ent. 310) and a notice of change of address and request for phone call (Doc. Ent. 321).

Defendants' April 18, 2005 motion for denial of in forma pauperis status was filed after plaintiff's March 30, 2004 letter to the Court (Doc. Ent. 310) which suggests that plaintiff would file an appeal if the Court did not overturn the jury verdict.[4] However, such a suggestion is not the equivalent of filing an appeal with the Court of Appeals for the Sixth Circuit. The relief defendants seek is premature and the arguments posed would more appropriately be addressed if the plaintiff files a notice of appeal and an application to proceed in forma pauperis on that appeal.

**D.      Plaintiff's Request for Costs is Denied.**

---

[4]At the time this letter was filed, Judge Hood had not yet entered her September 24, 2005 order denying plaintiff's January 3, 2005 motion for relief from judgment.

7

Plaintiff's April 28, 2005 filing is also labeled as a "motion to tax cost(s) against defense counsel (Kevin Thom) for bogusly bringing all motion(s) in this case under the (PLRA) lost for defense counsel(s) failure to compl[y] with Fed. R. Civ. P. 10© under timely filed responsive pleadings on the record in this case pursuant to Fed. R. Civ. P. 37 and for cost(s) of plaintiff [having] to respond to the defense counsel's bogus motion of April 18th 2005 to avoid it being granted in error." (Doc. Ent. 316 at 1).

Plaintiff claims that he "should be awarded $25.00 dollars for each (bogus) motion brought by defense counsel (Kevin Thom) to pay for postage, [carbon] paper, paper, envelope(s), and plaintiff(s) response time (and) a reasonable court costs to the Court for each motion in this litigation under the (PLRA) pursuant to Fed. R. Civ. P. 37." (Doc. Ent. 316 at 8). Defendants have filed approximately sixteen (16) motions in this case, only six (6) of which were denied:

| Doc. Ent. | Description | Disposition |
|---|---|---|
| 7 | Motion to Dismiss | Granted in part and denied in part on 02/16/98 |
| 8 | Motion to Stay Discovery | Granted on 11/07/97 |
| 35 | Motion to Change Venue | Denied on 03/31/99 |
| 36 | Motion to Dismiss | Denied on 03/31/99 |
| 39 | Motion to Strike Objection | Denied on 03/31/99 |
| 64 | Motion for Immediate Consideration | Granted on 07/16/99 |
| 67 | Motion for Leave to Take the Deposition of Plaintiff | Granted on 07/20/99 |
| 161 | Motion to Strike 3/21/00 Filings | Granted on 09/29/00 |
| 163 | Motion to Strike Proposed Amended Complaint and Witness Summaries & to Extend Time for Defendants to File Witness Summaries | Granted and granted in part on 05/18/00 |
| 192 | Motion to Strike | Mooted on 09/28/01 |
| 212 | Motion for Reconsideration of 3/31/99 opinion and order & Request for the Court to Take Action Sue Sponte per 42 U.S.C. § 1997(e) and *Brown v. Toombs* | Granted on 01/23/02 |
| 232 | Motion for Bill of Costs | Denied on 09/30/02 |

8

| 247 | Motion to Alter/Amend & for Modification of the Court's 9/30/02 Order and Alternatively to Certify the Issue of Exhaustion for Immediate Appeal | Denied on 11/22/02 |
|-----|-----|-----|
| 279 | Motion for Protective Order | Granted on 10/07/04 |
| 304 | Motion for Costs | Granted on 9/27/05 |
| 311 | Motion for Denial of In Forma Pauperis Status to Plaintiff | Denied |

Plaintiff claims he "is entitled to have (and) recover all costs of litigation filed by defense counsel (Kevin Thom) under the (PLRA) that ha[ve] been brought in (bad faith) on the record in this case for each motion denied pursuant to Fed. R. Civ. P. 12 (and) 10 (and) 37." Doc. Ent. 316 at 7. However, plaintiff's motion does not specify on which of these motions he is seeking costs. Therefore, this generalized request is denied.

Plaintiff also requests that costs be taxed against defense counsel "for plaintiff being again forced to file a response and objection to defense counsel (Kevin Thom)'s bogusly brought motion in this case (the April 18, 2005 motion for denial of in forma pauperis status). Doc. Ent. 316 at 7. Although plaintiff has raised several allegations about defendants' motivation for bringing the instant motion, I conclude that an award of costs for responding to this motion would not be appropriate at this time.[5]

**E.    Plaintiff's Motion to Receive Copies of Court Records is Denied as Premature.**

On June 29, 2005, plaintiff filed a motion to receive copies of my report and recommendation and/or orders regarding defendants' motion to deny plaintiff in forma pauperis status on any appeal (Doc. Ent. 311) and copies of any orders regarding plaintiff's motion for

---

[5]I am aware that in a January 18, 2005 order in Case. No. 03-550, Magistrate Judge Greeley granted plaintiff's motion for sanctions and ordered that defendants pay $25.00 into plaintiff's prison account. However, that award was based upon defendants' failure to comply with a court order and Fed. R .Civ. P. 37(b)(2).

relief from judgment (Doc. Ent. 299).[6]  (Doc. Ent. 319 at 1, 5).[7]  In addition to requesting these documents, plaintiff suggests that defendants' motion to deny in forma pauperis status was filed to avoid a ruling on plaintiff's motion for relief from judgment.  *Id*. at 3.

On September 8, 2005, plaintiff wrote to the Court regarding his change of address (he was transferred from Ionia Maximum Correctional Facility (ICF) to Alger Maximum Correctional Facility (LMF)).  He also claims that he has not received copies of report and recommendations regarding defendants' motion to tax costs (Doc. Ent. 304)[8] and defendants' motion to deny plaintiff in forma pauperis status on any appeal (Doc. Ent. 311).  He also sets forth his belief that defense counsel has ordered an ICF litigation person to tamper with plaintiff's incoming mail from the Court.  He specifically mentions concern about his post-judgment motion for relief from judgment (Doc. Ent. 299) and his objections to defense counsel's pending motions.[9]  Finally, he requests a phone call between Judge Hood's Case

---

[6]As previously noted, Judge Hood ruled on plaintiff's motion for relief from judgment on September 24, 2005.  (Doc. Ent. 322).

[7]On July 1, 2005, Judge Hood referred this motion to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Doc. Ent. 320).

[8]On April 19, 2005, I entered a report recommending that the Court grant the motion and award $393.30 in costs.  (Doc. Ent. 312).  On April 28, 2005, plaintiff filed an objection.  (Doc. Ent. 317).

[9]At the time of the September 8, 2005 filing, the pending motions by defendants were (1) the February 14, 2005 motion to tax costs (Doc. Ent. 304) and (2) the April 18, 2005 motion for denial of in forma pauperis status to plaintiff (Doc. Ent. 311).

Manager and plaintiff to brief plaintiff regarding orders entered in this case and to send plaintiff copies of report and recommendations and relevant orders. (Doc. Ent. 321).[10]

At the time plaintiff's June 29, 2005 motion for copies of court documents was filed, neither the instant order denying defendants' motion to deny plaintiff in forma pauperis status on any appeal nor Judge Hood's September 24, 2005 order denying plaintiff's motion for relief from judgment had been filed. Therefore, plaintiff's June 29, 2005 motion for copies of court documents is denied as premature.

## II.   **ORDER:**

In light of the foregoing, defendants' motion to deny plaintiff in forma pauperis status on any appeal because of the three strikes provision of the PLRA is DENIED AS PREMATURE. (Doc. Ent. 311). Furthermore, plaintiff's motion to receive copies of court records is DENIED. (Doc. Ent. 319).

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


                                          s/Paul J. Komives
                                          PAUL J. KOMIVES
Dated: 11/23/05                           UNITED STATES MAGISTRATE JUDGE


_____

[10]Currently pending before Judge Hood is plaintiff's September 30, 2005 motion for copies of my report and recommendations regarding defendants' motion to tax costs (Doc. Ent. 304) and defendants' motion to deny plaintiff in forma pauperis status on appeal (Doc. Ent. 311). (Doc. Ent. 325).

11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 23, 2005.

s/Eddrey Butts
Case Manager