UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GORDON STOCKENAUER,**

    **Plaintiff,**

                                      Case No. 97-CV-70619-DT
**v.**                                               HONORABLE DENISE PAGE HOOD

**JAMES SIGMAN, et al.,**

    **Defendants.**

_____/

## ORDER REGARDING POST-JUDGMENT MOTIONS

**I.    BACKGROUND**

This matter is before the Court on various post-judgment motions filed by Plaintiff. On December 17, 2004, the jury returned a verdict of no cause of action on Plaintiff's prisoner civil rights complaint filed under 28 U.S.C. § 1983. A Judgment was filed on December 20, 2004 in favor of Defendants and against Plaintiff. Plaintiff subsequently filed various post-judgment motions, including motions for relief from judgment and for reconsideration. The following orders were entered by the Court relating to Plaintiff's post-judgment motions: Order Denying Motion for Relief from Judgment filed September 24, 2005; Order Denying Motion for Reconsideration and Motion for Use of Jury Trial Transcript on Appeal filed August 16, 2006; and, Order Denying Motion for Court to Issue Order to Magistrate Judge filed September 29, 2006.

On October 17, 2006, Plaintiff filed a Notice of Appeal, an Application to Proceed Without Prepayment of Fees on Appeal, Motion to Obtain Copy of Jury Trial Transcript *In Forma Pauperis,* Motion for Certificate of Appealability and Motion to Transmit the Jury Trial Record to the United States Court of Appeals.

## II.     ANALYSIS

### A.     Appeal *In Forma Pauperis*

Plaintiff's Notice of Appeal seeks an appeal from the Judgment filed on December 20, 2004 and Order Denying Motion for Reconsideration filed August 16, 2006.  Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a)(1)(B) mentions additional orders, including the September 29, 2006 Order Denying Motion for the Court to Issue an Order to the Magistrate Judge and the September 24, 2005 Order Denying Plaintiff's Motion for Relief from Judgment.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

The Court finds any appeal from the December 20, 2004 Judgment, the September 24, 2005 Order Denying Plaintiff's Motion for Relief from Judgment and the August 16, 2006 Order Denying Motion for Reconsideration is frivolous and would not be taken in good faith since the thirty days to file an appeal from these two documents have passed.  Rule 4 of the Rules of Appellate Procedure provides that "the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. Pr. 4(a).

As to the September 29, 2006 Order, Plaintiff's appeal from that Order is timely.  However, the September 29, 2006 Order did not address the underlying merits of the case but merely addressed Plaintiff's claims that he did not receive certain orders and/or report and recommendation.  As the Court noted in the September 29, 2006 Order, Plaintiff's claims that he did not receive any of the Orders issued by the undersigned or Orders and Report and Recommendation issued by the

Magistrate Judge were without merit since Plaintiff filed subsequent motions responding to the Orders or Report and Recommendation. Any appeal from the September 29, 2006 Order is frivolous and would not be taken in good faith.

### B.     Certificate of Appealability

Plaintiff filed a Motion for Certificate of Appealability. A certificate of appealability only applies to habeas corpus proceedings under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). Plaintiff's Complaint is a prisoner civil rights claim filed under 28 U.S.C. § 1983. Plaintiff's request for a certificate of appealability is denied.

### C.     Jury Trial Transcript and Transmission of Record to the Court of Appeals

Plaintiff seeks the transcript of the jury trial held over three weeks to be provided without payment to the court reporter. The Rules of Appellate Procedures provide that it is the *appellant's* duty to order from the court reporter a transcript of the parts of the proceedings the *appellant* considers necessary. Fed. R. App. P. 10(b). "At the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript." Fed. R. App. P. 10(b)(4). The Appellate Rules further provide that it is the *appellant's* duty to "do whatever else is necessary to enable the clerk to assemble and forward the record." Fed. R. App. P. 11(a). When the record is complete, it is the district clerk's duty to forward the record to the Court of Appeals. Fed. R. App. P. 11(b)(2).

Although Plaintiff does not have the funds to pay for the trial transcript, the Appellate Rules do not provide for production of the transcript without payment of the cost of the transcript. However, because the Court finds that any appeal in this case is frivolous and not taken in good faith, a transcript of the trial is unnecessary. Inasmuch as Plaintiff is seeking a transcript of the trial

to be included in the transmission of the record to the Court of Appeals, such a request is denied. The Court of Appeals is routinely forwarded a copy of the electronic docket.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Application to Proceed Without Prepayment of Fees on Appeal **(Docket No. 332, filed October 17, 2006)** is DENIED, the Court certifying that any appeal is frivolous and not taken in good faith.

IT IS FURTHER ORDERED that the Motion to Obtain Copy of Jury Trial Transcript *In Forma Pauperis* **(Docket No. 334, filed October 17, 2006)** is DENIED.

IT IS FURTHER ORDERED that the Motion for Certificate of Appealability **(Docket No. 335, filed October 17, 2006)** is DENIED.

IT IS FURTHER ORDERED that the Request for Transmitting the Jury Trial Record to the United States Court of Appeals **(Docket No. 336, filed October 17, 2006)** is DENIED as to the jury trial transcript. The district clerk may forward a copy of the docket to the Court of Appeals.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: May 2, 2007

I hereby certify that a copy of the foregoing document was served upon Gordon Stockenauer, Reg. No. 116242, Southern Michigan Correctional Facility, 4010 Cooper St., Lock 18 - East 6, Jackson, MI 49201-7552 and Kevin Thom, AAG on May 2, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager